IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 5:15-cr-06004-DGK-16 |
| ) | |
| WILLIAM DEAN CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT WILLIAM DEAN CAMPBELL'S SENTENCING MEMORANDUM**

COMES NOW Defendant William Dean Campbell, by and through his attorney, and hereby files this Sentencing Memorandum to aid the Court in imposing a sentence which is sufficient but not greater than necessary to serve the objectives of sentencing, as reflected in 18 U.S.C. § 3553(a).

I. INTRODUCTION

On May 23, 2016, Mr. Campbell entered a plea of guilty to a lesser-included offense within Count 7 of a multi-defendant Superseding Indictment, charging a conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. This plea resulted from Mr. Campbell's illegal activities over a brief period of months in 2013, during which he purchased methamphetamine for resale from two individuals, as one of 22 different lower-tier drug distributors in the organization. Through his plea, Mr. Campbell accepted full responsibility for his actions. Without offering justification or excuse, Mr.

1

Campbell respectfully submits that his illegal conduct was the result of a downward spiral of substance abuse, and asks the Court to take this into consideration. Mr. Campbell also respectfully asks the Court to consider the following in imposing sentence in this case.

## II. STANDARDS FOR IMPOSING SENTENCE

As the Supreme Court has long recognized, "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). With the United States Sentencing Guidelines now rendered "advisory only," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), a district court has substantial discretion in fashioning a sentence appropriate to the individual circumstances of the defendant and the unique facts of the offense. While the Court must consider the Guideline range in a case, "the Guidelines are not the only consideration." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). See *Kimbrough*, 128 S. Ct. at 564 ("the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence").

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court determined that district courts must consider all of the

2

sentencing factors under 18 U.S.C. §3553(a)(1)-(7) without giving mandatory weight to the Guidelines. 18 U.S.C. § 553(a) states, in pertinent part, as follows:

> (a) Factors to be considered in imposing a sentence.-- The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for...
>
> (5) any pertinent policy statement...
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victim of the

offense.

**III. SENTENCING GUIDELINES CALCULATIONS**

Mr. Campbell incorporates by reference herein the objections he made to the Presentence Investigation Report, and asks that the Court take them into consideration in calculating the Sentencing Guideline range in this case.

**IV. APPLICATION OF § 3553(a) FACTORS**

*a. Nature and Circumstances of the Offense, and History and Characteristics of the Defendant.*

Mr. Campbell is before this Court pursuant to a plea of guilty to conspiracy to distribute cocaine base. Moreover, Mr. Campbell has a prior conviction for second degree assault, committed when he was 20 years old.

But, as noted in the PSR, Mr. Campbell has struggled all of his life with substance abuse and addiction, having begun using crack cocaine at age 16. More recently, Mr. Campbell has been a heavy user of methamphetamine, which he begun at age 30 when a girlfriend began using in his presence.

While drug abuse and addiction were traditionally improper considerations for a downward departure under the mandatory Guideline regime, it is no longer considered so under the advisory Guideline regime. *See, e.g., United States v. Garcia*, 497 F.3d 964, 971-72 (9th Cir. 2007) (remanding for reconsideration where court stated it could not consider defendant's addiction to drugs); *United States v. Cani*, 545 F. Supp. 2d 1235, 1243, 2008 U.S. Dist.

4

LEXIS 11087 (M.D. Fla. 2008) ("there is no prohibition against factoring drug addiction into the § 3553 calculus. In fact, § 3553(a)(1) compels a sentencing court to take into account the history and characteristics of the defendant… For this reason, it is entirely appropriate to consider a defendant's drug addiction in fashioning an appropriate sentence."). Indeed, the Eighth Circuit affirmed a district court's decision to vary downward in a drug trafficking case from a Guideline range of 60 months to a sentence of probation, in part because of evidence that the defendant's "addiction to pain medication contributed to the criminal activity alleged in the indictment." *United States v. McFarlin*, 535 F.3d 808, 811 (8th Cir. 2008).

Mr. Campbell once participated in Northland Dependency drug treatment at age 18 due to his crack cocaine use, but believes he could benefit from more intensive inpatient treatment. During the times in his adult life when he abstained from drug use, Mr. Campbell has proven to be a hard worker and good employee.

And finally, as reflected in the PSR, Mr. Campbell's role in this conspiracy was not as a high or mid-level source of supply, but rather as one of 22 lower-level drug distributors in this organization, over a period of less than one year. Mr. Campbell's involvement in the charged conspiracy was limited in scope and duration, and he was substantially less culpable than others in this crime.

***b. 18 U.S.C. § 3553(a)(2) – The Need for the Sentence Imposed To Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the offense.***

A lengthy sentence of incarceration is not always necessary in order to satisfy this sentencing mandate. Indeed, as observed by the District Judge in *Gall*, probation (or in this case, post-release supervision), "rather than an act of leniency, is a substantial restriction of freedom." *Gall*, 128 S.Ct. at 593. The *Gall* Court emphasized that the defendant would have to "comply with strict reporting conditions along with a [multi]-year regime of alcohol and drug testing." *Id*. The Court also noted that the defendant would "not be able to change or make decisions about significant circumstances in his life, such as where to life or work, which are prized liberty interests, without first seeking authorization from his Probation Officer or, perhaps, even the Court." *Id*.

As renowned criminologist Norval Morris has consistently argued, and as reflected in recent Supreme Court decisions, when determining punishment, "the least restrictive (punitive) sentence necessary to achieve defined social purposes should be imposed." Norval Morris, <u>The Future of Imprisonment</u>, University of Chicago Press (1974), p. 59.

Mr. Campbell concedes that he must be punished for his actions. However, his punishment should be proportional not only to the

6

social harms caused by his conduct, but also to the social harms caused by depriving him of his liberty for any substantial period of time.

   ***c. The need to avoid unwarranted sentencing disparities.***

Section 3553(a)(6) emphasizes "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The Court has imposed the following sentences for Mr. Campbell's codefendants in this case:

| NAME | SENTENCE | ROLE IN THE OFFENSE |
|---|---|---|
| Rodney Earl King | 62 months | Distributor. |
| Brian Michael Bowers | 150 months (3 counts) | Distributor. |
| Marion Eugene Brammer | 75 months | Distributor. |
| Anthony Ray Stevenson | 270 months | Distributor. |
| Franklin Charles Carter | 96 months | Distributor. |
| Ryan Battagler | 144 months | Distributor. |
| Taylor Lee Syas | 100 months (3 counts) | Distributor. |
| Bryan D. Carroll | 78 months | Distributor. |
| Paula Rae Scott | 59 months | Distributor. |
| Gabriel Ruiz-Salazar | 188 months | Identified as "mid-level" source of supply in PSR. |
| Jackie Love | 75 months | Distributor. |
| Jason Daniel Davis | 188 months | Distributor |
| Jason Lee Kirtley | 155 months | Distributor |
| Elgin Eugene Dothage | 240 months (3 counts) | Distributor |

7

The individuals in the above chart with the longest sentences appear to have considerably more substantial criminal histories than Mr. Campbell (Stevenson, Dothage, Kirtley), pleaded to multiple counts (Bowers, Dothage), or had a more significant role as a "mid-level" source of supply than Mr. Campbell (Ruiz-Salazar).

**V. CONCLUSION**

Mr. Campbell respectfully requests that the Court take into account all of the statutory sentencing factors discussed herein, together with any other issue raised by the parties at sentencing, in imposing a sentence which is sufficient but not greater than necessary to serve the objectives of sentencing as reflected in 18 U.S.C. § 3553(a).

Respectfully submitted:

**JOHNSTON LAW FIRM LLC**

By: */s/ J. Justin Johnston*
J. Justin Johnston  MO #52252
811 Grand Blvd., #101
Kansas City, MO 64106
Tel: (816) 739-4538
Fax: (816) 421-5403
jjj@johnstonlawkc.com
***ATTORNEY FOR DEFENDANT***

8

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system for electronic delivery to all counsel of record.

                                       /s/ J. Justin Johnston
                                       *Attorney for Defendant*